**G. P. BOYLESTON and F. P. Boyleston, Plaintiffs,**

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Defendant.**

Civ. A. No. 8736.

United States District Court
E. D. South Carolina,
Orangeburg Division.

Oct. 20, 1965.

Marshall B. Williams, Orangeburg, S. C., for plaintiff.

C. Walker Limehouse, Orangeburg, S. C., for defendant.

SIMONS, District Judge.

The defendant, Nationwide Mutual Fire Insurance Company, by motion dated August 13, 1965, seeks to have the Federal Land Bank of Columbia made a party-plaintiff or defendant to this action, so that complete relief may be accorded between the parties to the action, and in order that the defendant will not be exposed to double or multiple liability.

Plaintiffs' complaint alleges that their dwelling house and certain personal property were totally destroyed by fire on the 27th day of June, 1964, during the effective period of the policy issued by defendant insurance company to plaintiffs.

The record further discloses that the said policy of insurance issued by the defendant was, at the request of the plaintiffs, endorsed by defendant company with a mortgagee loss payable clause in favor of the Federal Land Bank of Columbia, so that any loss thereunder while the policy was in force and effect, was payable in whole or in part to the said Bank. By letter dated October 9, 1965, the court has been informed by counsel for defendant that the Federal Land Bank of Columbia has been requested to voluntarily join in the subject action as a party-plaintiff, but has failed to do so.

Under the circumstances here presented, I find that plaintiffs and the Federal Land Bank of Columbia have a common interest in the proceeds alleged to be due

under defendant's policy, and that said Bank should be joined as a party to this action, inasmuch as complete relief between the present parties cannot be had herein without the joining of said Bank. Otherwise defendant will be exposed to double liability. Accordingly, the Federal Land Bank of Columbia is hereby determined to be a necessary party to this action within the meaning of Rule 19 of the Federal Rules of Civil Procedure, which provides in part:

"[b] *Effect of Failure to Join.* When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. * * * "

The record reflects that the said Bank is subject to the jurisdiction of the court as to both service of process and venue; and that its addition as a party will not deprive the court of jurisdiction. It further appears from the record that counsel for plaintiffs has consented to defendant's motion for joinder of the Federal Land Bank of Columbia as a party hereto. Pursuant to Rule 19 of the Federal Rules of Civil Procedure, it is, therefore

Ordered that the Federal Land Bank of Columbia be, and it hereby is, joined as a party-defendant in the within action; and that a copy of all pleadings, including defendant's motion and this Order, together with a summons of the Court in the usual form be directed to the Federal Land Bank of Columbia as defendant, requiring said Bank to serve upon counsel for plaintiffs and defendant, Nationwide Mutual Fire Insurance Company, an answer to the matters and things set forth in both the complaint and answer of said Insurance Company defendant.